UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARA MIRAN, individually and on behalf of others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>CONVERGENT OUTSOURCING INC.,<br><br>                                    Defendant. | Case No.:  16-CV-0692-AJB-(JMA)<br><br>**(1) ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; AND (DOC. NO. 16)**<br><br>**(2) ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 17)** |

Presently before the Court are two motions, Dara Miran's ("Plaintiff") motion for partial summary judgment, (Doc. No. 16), and Defendant Convergent Outsourcing Inc.'s ("Convergent") motion for judgment on the pleadings. (Doc. No. 17.) Upon review of the motions, oppositions, and replies, the Court finds these motions suitable for determination on the papers and without oral argument pursuant to Local Rule 7.1.d.1. Accordingly, the motion hearing set for December 15, 2016 at 2:00 PM in Courtroom 3B is vacated. As set forth more fully below, the Court **DENIES** Plaintiff's motion for partial summary judgment and **GRANTS** Convergent's motion for judgment on the pleadings.

## I.    BACKGROUND

This dispute centers on Convergent's attempt to collect a debt. On January 14, 2016, Plaintiff received a collection notice from Convergent. (Doc. No. 1 ¶ 17.) The letter stated that Plaintiff owed a past due balance of $9,679.23 to Galaxy Asset Purchasing, LLC. (*Id.*) The letter offered Plaintiff three different settlement options: "(a) Lump Sum Settlement Offer of 15%; (b) 70% off balance by making three monthly payments of $967.92; or (c) twelve monthly payments of $806.60 per month." (subsequently referred to as "the Offer letter") (*Id.* ¶ 19.) On the reverse page at the bottom, the Offer letter also states that: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency." (*Id.* ¶ 20.) Plaintiff alleges that acceptance of any of these offers would produce a novation, which would create a new statute of limitations on the alleged debt. (*Id.* ¶ 21.) As a result, Plaintiff claims that Convergent's statement that it would not sue is misleading as a consumer would believe it could accept any of the offers without any fear of legal repercussions when in fact Convergent could sue upon the new contract established by the novation. (*Id.* ¶¶ 21, 41.)

On March 22, 2016, Plaintiff instituted this action on his behalf, and on behalf of all others similarly situated. (Doc. No. 1 at 1.) Plaintiff claims Convergent violated Sections 1692e, 1692e(2)(a), and 1692e(10) of the Federal Fair Debt Collection Practices Act ("FDCPA") and California Civil Code Section 1788.17, also known as the Rosenthal Act ("Rosenthal Act"). (*Id.* ¶¶ 41, 44.) Plaintiff requests statutory damages, reasonable attorney's fees, and costs of litigation. (*Id.* at 11-12.)[1]

## II.    LEGAL STANDARD

### A.    Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) if the

---

[1] Page numbers are in reference to the automatically generated CM/ECF page numbers and not the numbers listed on the original document.

moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). Any party to an action, whether plaintiff or defendant, "may move" the court "for summary judgment" in his favor on a cause of action or defense. *Aguilar v. Atlantic Richfield Co.*, 25 Cal. 4th 826, 855 (2001). The court must grant the motion "if all papers submitted" show that "there is no triable issue as to any material fact" and that the "moving party is entitled to judgment as a matter of law." *Id*. In ruling on the motion, the court must strictly construe the evidence of the moving parties and liberally construe that of the opponents, and any doubts as to the "propriety of granting the motion should be resolved in favor of the party opposing the motion." *Branco v. Kearny Moto Park, Inc.*, 37 Cal. App. 4th 184, 189 (1995).

The moving party can satisfy the burden of establishing the absence of a genuine issue of material fact in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *See Celotex Corp.*, 477 U.S. at 330. Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth facts showing a genuine issue of a disputed fact remains. *Id*.

B.      Judgment on the Pleadings

A motion for judgment on the pleadings, like a general demurrer, challenges the sufficiency of a plaintiff's cause of action. *Tiffany v. Sierra Sands Unified School Dist.*, 103 Cal. App. 3d 218, 224 (1980). Thus, a judgment on the pleadings "attacks only defects disclosed on the face of the pleadings or by matters that can be judicially noticed." *Cloud v. Northrop Grumman Corp.*, 67 Cal. App. 4th 995, 999 (1998). Such a motion raises a legal, not a factual issue, *Hosp. Council of Northern Cal. v. Superior Court*, 30 Cal. App. 3d 331, 337–338 (1973), and that issue is simply whether the complaint states a cause of action. *Goodley v. Wank and Wank, Inc.*, 62 Cal. App. 3d 389, 392–93 (1976). The court

accepts as true the complaint's factual allegations and gives them a liberal construction. *Gerawan Farming Inc. v. Lyons*, 24 Cal. 4th 468, 515–516 (2000).

## III.   DISCUSSION

Plaintiff seeks partial summary judgment as to Convergent's liability under 15 U.S.C. sections 1692e, 1692e(10), and 1692e(2)(A) of the FDCPA. (Doc. No. 16-1 at 8.) In contrast, Convergent requests judgment on the pleading in its favor as it claims that acceptance of any settlement offers would not create a novation. (Doc. No. 17-1 at 5.) Thus, Plaintiff's claims fail as a matter of law. (*Id.*)

A.      Plaintiff's Motion for Partial Summary Judgment

Plaintiff contends that Convergent violated the FDCPA because Convergent claimed it would not sue Plaintiff while also failing to disclose that accepting any of the settlement offers would create a novation with a new statute of limitations. (Doc. No. 1 ¶ 41.) Thus, Convergent would be able to file suit in the event Plaintiff defaulted on the new agreement. (*Id.*)

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

Plaintiff's claims fall under 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) of the FDCPA. Those sections provide that:

> (e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2)(A) The false representation of – the character, amount, or legal status of any debt; or

4

. . .

(10) The use of any false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer.

15 U.S.C. § 1692e.

"When alleging a claim under the FDCPA, a plaintiff must establish that (1) the plaintiff is a consumer, as defined by the FDCPA; (2) the debt arises out of a transaction primarily for personal, family or household purposes; (3) the defendant is a debt collector, as that phrase is defined by the FDCPA; and (4) the defendant violated a provision of the Act." *Heritage Pacific Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 997 (2013). The parties do not dispute establishment of the first three elements. (Doc. No. 16-1 at 14.) As such, the Court will now turn to the parties' arguments in support and opposition of whether Convergent's Offer letter violates a provision of the FDCPA.

 1. <u>Plaintiff's Acceptance of One of Convergent's Settlement Offers Does Not Create a Novation</u>

In the instant action, Plaintiff seeks partial summary judgment on his claims under the FDCPA and the Rosenthal Act for two reasons: (1) it violates 15 U.S.C. sections 1692e, 1692e(2)(a), and 1692e(10) because Convergent failed to disclose that acceptance of any of the settlement offers would create a new agreement with a new statute of limitations; and (2) that Convergent solicited Plaintiff to accept one of its settlement offers in writing but failed to disclose that if any of the offers were accepted or acknowledged in writing that a new obligation would be created under California Civil Procedure section 360.[2] (Doc.

---

[2] Convergent argues that Plaintiff has waived this theory because it is not alleged in his complaint, and new legal theories may not be raised for the first time on summary judgment. (Doc. No. 19 at 16.) In response, Plaintiff concedes that section 360 was not alleged in his complaint. (Doc. No. 21 at 12.) However, Plaintiff avers that he should not be prevented from raising this theory on a motion for summary judgment as it is not considered a new claim. (*Id.*) The Court agrees with Convergent and will thus not address this argument in its Order. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) (declining to consider summary judgment issue that was not "specifically and distinctly argued" in initial brief). Additionally, the Court notes that section 360 does not speak specifically to

No. 16-1 at 8-9.)

A "novation is the substitution of a new obligation for an existing one." *Wells Fargo v. Bank of Am.*, 32 Cal. App. 4th 424, 431 (1995) (quoting Cal. Civ. Code § 1530.) An essential element is the agreement of all parties to the new contract. *Duncanson- Harrelson Co. v. Travelers Indem. Co.*, 209 Cal. App. 2d 62, 69 (1962). In addition, in deciding whether an agreement was meant to extinguish the old obligation and to substitute a new one, California courts seek to determine the parties' intent. *See e.g., Alexander v. Angel*, 37 Cal. 2d 856, 860 (1951). Under California law, the party attempting to prove novation must satisfy "four essential requisites: (1) a previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) validity of the new one." *Young v. Benton*, 21 Cal. App. 382, 384 (1913).

Plaintiff contends that a novation would occur if Plaintiff were to accept any of the settlement offers from Convergent. (Doc. No. 16-1 at 17.) In support of this argument, Plaintiff avers that the acceptance of the obligation to make a payment through any of the settlement offers would substitute a new obligation for the existing one. (*Id.* at 18.) Plaintiff further specifies that Convergent's intention to release the debtor on his original obligation was "clear" as the Offer letter indicated that if the payment of the new amount was received, Convergent would consider the original debt paid in full. (*Id.*)

In opposition, Convergent argues that Plaintiff's contention that he would have been "tricked" into entering a new legally enforceable contract precludes the finding of mutual assent. (Doc. No. 19 at 14.) Thus, under the basic precepts of contract law, no contract formation occurred. (*Id.*) Moreover, Convergent argues that the Consumer Financial Protection Bureau ("CFPB") has determined that disclosure regarding restarting statute of limitations would confuse customers, that the sixth circuit has held that the statute of limitations disclosure in the Offer letter is a safe harbor from lawsuit, and that if a novation

---

novation and even if it did, injecting this argument at this late stage without leave to amend is inappropriate.

were to occur that the promise not to sue Plaintiff would be included as well as apply to hypothetical subsequent purchasers of the debt. (*Id.* at 9-16.)[3]

Based upon the pleadings and allegations presented by both parties, the Court finds that Plaintiff has not satisfied its burden of demonstrating the absence of a genuine issue of material fact as to the creation of a novation.[4] In coming to its conclusion, the Court first looks to the wording of the offers presented on the face of the Offer letter. *See Alexander*, 37 Cal. 2d at 861–62 (courts examining a novation claim first look to the agreements themselves, and specifically, the substance of the change or changes between the old and new agreements). Thus, upon review of the Offer letter, the Court notes that the settlement offers are an attempt to "settle [Plaintiff's] past balance." (Doc. No. 1-2 at 2.) The letter also states that if Plaintiff would be willing to settle his account for "15% that the settlement amount would be $1,451.88 to *clear this account in full*." (Doc. No. 16-3 at 2) (emphasis added). The Court finds that the Offer letter makes no reference to a contract to pay the previous balance, but only states that the "account has a past due balance of $9,679.23." (*Id.*) In addition, the letter only refers to the settlements as "offers" and "plans." (*Id.* at 2-3.)

Next, the Court turns to Plaintiff's arguments in support of his notion that both parties intended to create a novation through acceptance of one of the settlement offers. "A novation is subject to the general rules of governing contracts . . . and requires an intent to discharge the old contract, a mutual assent, and a consideration." *Klepper v. Hoover*, 21 Cal. App. 3d 460, 463 (1971). *See Howard v. County of Amador*, 220 Cal. App. 3d 962, 977 (1990) ("It must clearly appear that the parties intended to extinguish rather than

---

[3]Plaintiff argues that the CFPB and the right to sue waiver are not relevant to the instant matter as they involve situations where a partial payment on a debt revives the original debt. (Doc. No. 21 at 3, 6.) Whereas, in the present matter, Plaintiff is arguing that payment on the original debt would create an entirely new obligation and agreement. (*Id.*) The Court agrees with Plaintiff and thus will not delve into these issues in this Order.

[4] Fed. R. Civ. P. 56(e); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

merely modify the original agreement."). Here, Plaintiff's motion suffers from its most glaring errors, as Plaintiff does not present the Court with clear and convincing evidence of intent or specific facts to support a finding of mutual assent. *See Alexander*, 37 Cal. 2d at 860 (stating that the evidence in support of novation must be "clear and convincing" and that the "whole question is one of fact [that] depends upon all the facts and circumstances of the particular case.").

Looking to established case law, the Court finds that it is well recognized that the intent of the parties is vital to determining if a novation occurred and that it is Plaintiff's burden to prove the novation existed. *See Producers' Fruit Co. v. Goddard*, 75 Cal. App. 737, 755–56 (1925) (holding that novation must be pleaded either expressly or by unequivocal implication and the burden of proof is upon the party asserting its existence); *see also N. Counties Bank v. Earl Himovitz & Sons Livestock Co.*, 216 Cal. App. 2d 849, 859 (1963) ("Existence of a novation turns on the parties' intention to discharge the old contract and substitute a new one."); *Transp. Clearings-Bay Area v. Simmonds*, 226 Cal. App. 2d 405, 430 (1964) ("The question whether a novation has taken place is always one of intention, with the controlling factor being the intent of the oblige to effect a release of the original obligor on his obligation under the original agreement."). After examining Plaintiff's motion and pleadings, the Court finds that Plaintiff has failed to satisfy his burden of demonstrating the parties' intent to create a novation. Here, Plaintiff only broadly claims that Convergent's "intention to release the consumer on her obligation on the original agreement was clear." (Doc. No. 16-1 at 19.) The Court finds this contention to be conclusory and unsupported. Plaintiff does not present facts or evidence to the Court to indicate that Convergent intended to extinguish the previous debt and intended to create a new contract with new obligations. Nor does Plaintiff provide evidence that Convergent indicated that it intended to forego the right to collect on the previous debt. Plaintiff simply recites to contract and novation formation law, then broadly claims that the intent is "clear." (Doc. No. 16-1 at 15-17.) However, without more, the Court is unable to make the finding that there is no triable issue of fact as to intent. Moreover, Plaintiff's pleadings do not make

clear whether the original obligation[5] extinguished the moment Plaintiff chose a settlement offer, or if it extinguished once Plaintiff fully performed under one of the settlement options. Thus, the Court is unable to distinguish if a novation or an accord and satisfaction was created. *See* Cal. Civ. Code § 1521 ("An accord is an agreement to accept, in extinction of an obligation, something different from or less than that to which the person agreeing to accept is entitled"); *see also Fannuchi & Limi Farms v. United Agri Prod.*, 414 F.3d 1075, 1086 (9th Cir. 2005). At most the Court is only presented with Plaintiff's theory on what Convergent allegedly intended through its Offer letter. This alone is not sufficient to make a finding of intent through clear and convincing evidence. Accordingly, taking the nonmoving parties' allegations in the light most favorable, the Court finds that Plaintiff has not satisfied its burden in showing the Court that Convergent intended to release the old agreement and that both parties intended to replace it with one of the three settlement offers, thus creating a novation.

Moreover, it is undisputed that under California law, mutual assent is a required element of contract formation. *Rockridge Trust v. Wells Fargo*, 985 F. Supp. 2d 1110, 1142 (2013). "Mutual assent may be manifested by written or spoken words, or by conduct." *Binder v. Aetna Life Ins. Co.*, 75 Cal. App. 4th 832, 844 (1999). "There is no manifestation of mutual assent if the parties attach materially different meanings to their manifestations and [] neither party knows or has reason to know the meaning attached by the other . . . ." *Tucker v. Oregon Aero, Inc.*, 474 F. Supp. 2d 1192, 1200 (2007). Similar to Plaintiff's arguments regarding intent, the Court finds the same shortcomings present in Plaintiff's arguments for mutual assent. For instance, Plaintiff cites to no authority or facts to support the notion that both parties agreed that there was a previous contract or that both parties agreed that the action of checking a box on the Offer letter was an affirmative action

---

[5] As stated above, a novation requires that there be a valid previous contract. However, Plaintiff does not discuss what the original contract was and the Court finds that no enforceable original contract plan existed as the statute of limitations rendered the debt unenforceable. *See Huertas v. Galaxy Asset Management*, 641 F.3d 28, 32–33 (3rd Cir. 2011).

representing acceptance of a new contract. *See Columbia Cas. Co. v. Lewis*, 14 Cal. App. 2d 71, 72 (1936) (finding no novation because the agreement of all parties to the contract was not present; the evidence failed to disclose any mutual agreement between the parties to extinguish the old contract; and there was an absence of proof to sustain contention that a new and valid contract was made). Additionally, the Court is not presented with evidence that demonstrates that both parties agreed to the same terms in the contract in the same sense. Lastly, Plaintiff's arguments that he would be misled and tricked into accepting one of the offers under the guise that Convergent would not sue upon the debt eliminates the possibility of finding mutual assent. (Doc. No. 1 ¶ 41.) "Mutual intent is determinative of contract formation because there is no contract unless the parties thereto assent, and they must assent to the same thing, in the same sense." *Banner Entm't, Inc. v. Superior Court*, 62 Cal. App. 4th 348, 358–359 (1998). If Plaintiff was allegedly tricked into forming a new contract, both parties would be unable to ascertain whether there was a meeting of the minds or an agreement as to the terms of the novation. *See Metropolitan Transp. Com'n v. Motorola, Inc.*, 342 F. App'x 269, 271 (9th Cir. 2009) (finding that Motorola did not allege that the proposed new party had agreed to be bound by the new contract thus the novation claim was properly dismissed); *see also Transport Clearings-Bay Area v. Simmonds*, 226 Cal. App. 2d 405, 430–31 (1964) (striking the defense of novation as there was no evidence that there was any discussion between the parties that the new debt was to be substituted for the old). Based on the foregoing, the Court finds that there exists genuine issues of material fact in regards to intent, mutual assent, and the creation of a novation.

On a last note, Plaintiff argues that consideration for the agreement exists as there is a moral obligation to pay, which is sufficient consideration. (Doc. No. 16-1 at 21.) Though, Plaintiff's contention is correct, without evidence of mutual assent, and a valid original contract, Plaintiff's argument for novation is without merit.

    2. <u>Convergent's Letter to Plaintiff Did Not Violate Section 1692e of the FDCPA</u>

The Court now turns to Plaintiff's contentions that Convergent's Offer letter violates

15 U.S.C. section 1692e, 1692e(2)(A), and 1692e(10). (Doc. No. 16-1 at 21-22.) Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To determine whether a debt collection practice is false, deceptive, or misleading, that practice must be viewed objectively from the perspective of the "least sophisticated debtor." *See Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1062 (9th Cir. 2011). The least sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson v. Southern Oregon Credit Serv. Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988).

Finding that the issue of novation is a factual question undeterminable by the evidence presented by Plaintiff, the Court looks to the face of the Offer letter to see if it violates the FDCPA. On the first page the letter states, "Our client has advised us that they are willing to settle your account for 15% of your total balance due to settle your past balance." (Doc. No. 16-3 at 2.) The Offer letter then identifies the payment opportunity plans as settlement offers. (*Id.* at 3.) On the next page, standing alone, in between two blocks of white space, the Offer letter states "Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency." (*Id.* at 4.) Accordingly, on its face, the Offer Letter does not misrepresent the character or amount of Plaintiff's debt. Nor does the Offer letter show that Convergent used any false representation or deceptive means to collect the debt or obtain information concerning Plaintiff. Moreover, the Offer letter, provided on its letterhead, notes the original creditor (Citibank)[6], current creditor (Galaxy Asset Purchasing, LLC), and collection agency (Convergent). (*Id.* at 2.) Thus, on its face, the Court does not find the Offer letter to be deceptive, misleading or false. On a final note, the Court highlights that seeking voluntary

---

[6] Plaintiff also argues that any subsequent purchaser of the debt is not bound by Convergent's promise to sue. (Doc. No. 16 at 7.) However, finding that there is a triable issue of material fact as to whether a novation occurred, Plaintiff's argument is without basis. In addition, the Court notes that this argument by Plaintiff is purely speculative, and unsupported by case law or specific facts.

repayment of a time-barred debt "so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts" is not considered a violation of the FDCPA in the third and eight circuits. *See Huertas v. Galaxy Asset. Mgmt.*, 641 F.3d 28, 33–34 (3rd Cir. 2011); *see also Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001). Therefore, Convergent's incorporation of its waiver of its right to sue, further supports a finding that the Offer letter did not violate the FDCPA.

Based upon the foregoing, the Court finds that Plaintiff has failed to meet his burden in establishing that there is an absence of genuine issues of material fact in support of his motion for violation of the FDCPA and the Rosenthal Act. More specifically, Plaintiff's contentions regarding his theory of novation were without clear support to allow the Court to infer that both parties intended that a new contract be formed thus extinguishing the old contract.[7] As Plaintiff was unable to support his novation theory, the rest of Plaintiff's arguments for violation of the FDCPA and the Rosenthal Act collapses upon themselves. As a result, Plaintiff's motion for partial summary judgment is **DENIED**.

B.    Convergent's Motion for Judgment on the Pleadings

In support of its motion for judgment on the pleadings, Convergent argues that Plaintiff's complaint fails in its entirety as no novation occurred through acceptance of any of the three settlement offers and that the FDCPA does not require a debt collector to disclose that a partial payment on a time-barred debt could revive a statute of limitations. (Doc. No. 17-1 at 5-6.) Convergent asks the Court to dismiss the complaint with prejudice. (*Id.* at 6.)[8]

As the Court has already discussed more fully above, Plaintiff's pleadings and motion do not establish that there was mutual assent, or a clear intent to extinguish the

---

[7] As Plaintiff has not adequately pled his theory of novation, the Court need not delve into Plaintiff's and Convergent's discussions regarding whether acceptance of any of the settlement offers would create a unilateral or bilateral contract. (Doc. No. 21 at 10; Doc. No. 19 at 17.)

[8] The Court notes that both Plaintiff and Convergent provide the Court with the exact same arguments in support and opposition of the motion for judgment on the pleadings as are present in Plaintiff's motion for partial summary judgment. (*See generally* Doc. Nos. 17, 20.)

16-CV-0692-AJB-(JMA)

original obligation and create a new contract. Thus, Plaintiff has not adequately pled the elements to establish that a novation occurred. Accordingly, as discussed *supra* pp. 7–12, without evidence of a novation, the rest of Plaintiff's contentions regarding Convergent's alleged violations of the FDCPA and Rosenthal Act are without merit. Consequently, finding that the Court need not repeat itself, the Court finds that even accepting Plaintiff's allegations as true, Plaintiff complaint as pled states no viable cause of action against Convergent and Plaintiff is thus not entitled to judgment as a matter of law. *See Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). Accordingly, Convergent's motion for judgment on the pleadings is **GRANTED**.

## IV.   CONCLUSION

For the reasons stated more clearly above, Plaintiff's motion for partial summary judgment is **DENIED** and Convergent's motion for judgment on the pleadings is **GRANTED**. Plaintiff must file an amended complaint within thirty (30) days of and in accordance with this Order. Convergent will then have thirty (30) days from the filing of the amended complaint to answer or otherwise respond. If Plaintiff fails to amend within the time provided, the Court will enter a dismissal with prejudice of this action.

**IT IS SO ORDERED**.

Dated:  December 13, 2016

Hon. Anthony J. Battaglia
United States District Judge