UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARA MIRAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>Defendant. | Case No.: 3:16-CV-00692-AJB-JMA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br>**(Doc. No. 26.)** |

Presently before the Court is Defendant Convergent Outsourcing, Inc.'s ("Defendant") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). (Doc. No. 26.) Upon review of the parties' arguments in support and opposition of the motion, the Court finds the motion suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. As set forth more fully below, Defendant's motion is **GRANTED**.

///

///

1

# BACKGROUND[1]

This dispute centers on Defendant's attempt to collect a debt. In the late 1990's or early 2000's, Plaintiff Dara Miran ("Plaintiff") entered into an agreement and obtained a credit card with Citibank. (Doc. No. 25 ¶ 18.) Eventually, Plaintiff defaulted on this credit card and ended up owing Citibank approximately $9,679.23. (*Id.*) Subsequently, Galaxy Asset Purchasing, LLC ("Galaxy") purchased Plaintiff's debt and became the new creditor on the Citibank account. (*Id.* ¶19.)

Sometime after January 14, 2016, Plaintiff received a collection notice (the "Offer Letter") from Defendant. (*Id.* ¶ 20.) The Offer Letter stated that Plaintiff owed a past due balance of $9,679.23 to Galaxy and offered Plaintiff three different settlement options:

(a) Lump Sum Settlement Offer of 15%;

(b) Settlement Offer of 30% and paid over three months; or

(c) Twelve monthly payments of $806.60 per month.

(*Id.* ¶¶ 20, 23.) At the bottom of the reverse page, the Offer Letter stated: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency." (*Id.* ¶ 24.)

Plaintiff alleges that the Offer Letter failed to inform Plaintiff or any consumer that acceptance of any of the three settlement offers would create a novation i.e. a new agreement with a new statute of limitations. (*Id.* ¶ 25.) Accordingly, Plaintiff argues that Defendant's statement that it would not sue is misleading as the new agreement would allow Galaxy or any subsequent purchaser of the account to sue on the new obligation. (*Id.* ¶¶ 25, 31, 33.)

On January 4, 2017, Plaintiff filed his first amended complaint ("FAC"). (Doc. No. 25.) Plaintiff claims that Defendant violated Sections 1692e, 1692e(2)(a), and 1692e(10) of the Federal Fair Debt Collection Practices Act ("FDCPA"), pursuant to California Code

---

[1] The following facts are taken from the FAC and construed as true for the limited purpose of resolving the pending motion. *See Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).

2

of Civil Procedure Section 360 ("Section 360"). (*Id.* ¶ 54.) In conjunction with the FDCPA, Plaintiff also claims violations of California Civil Code Section 1788.17, also known as the Rosenthal Act ("Rosenthal Act"). (*Id.* ¶¶ 53-54, 56.) Plaintiff requests statutory damages, reasonable attorney's fees, and costs of litigation. (*Id.* at 13-14.)

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint should not be dismissed for failure to state a claim under FRCP 12(b)(6) "unless it appears beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (citation omitted). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Moreover, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

However, "[t]he court may dismiss a complaint as a matter of law for '(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'" *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (internal citation omitted). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## **DISCUSSION**

Defendant moves to dismiss all of Plaintiff's causes of action asserted in his FAC. Specifically, Defendant rejects Plaintiff's claims that acceptance of any of the payment plans would result in a novation and that a new agreement would have been created

pursuant to Section 360. (Doc. No. 26-1 at 9-13.) As the Court will explain in more detail below, the Court agrees with Defendants.

### A. 15 U.S.C. § 1692e

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A § 1692e.

Plaintiff claims Defendant violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) of the FDCPA. (Doc. No. 25 ¶ 53.) Those sections provide:

> (e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (2)(A) The false representation of – the character, amount, or legal status of any debt; or
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

"When alleging a claim under the FDCPA, a plaintiff must establish that (1) the plaintiff is a consumer, as defined by the FDCPA; (2) the debt arises out of a transaction primarily for personal, family or household purposes; (3) the defendant is a debt collector, as that phrase is defined by the FDCPA; and (4) the defendant violated a provision of the Act." *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 997 (2013). The parties do not dispute establishment of the first three elements. (Doc. No. 28 at 13.) As such, the Court will address whether Plaintiff's allegations are sufficient to support his claim that the Offer Letter violated the FDCPA.

///

i. <u>Whether Defendant's Offer Letter Created a Novation</u>

In the instant action, Plaintiff contends that the acceptance of one of Defendant's settlement offers would create a novation. (Doc. No. 25 ¶ 53.) A "[n]ovation is the substitution of a new obligation for an existing one." *Wells Fargo v. Bank of Am.*, 32 Cal. App. 4th 424, 431 (1995) (quoting Cal. Civ. Code § 1530). In other words, "[a] novation [] amounts to a new contract which supplants the original agreement and 'completely *extinguishes* the original obligation . . . .'" *Id*. Where there has been a novation, "the rights and duties of the parties must be governed by the new agreement alone, and 'a failure to perform [thereunder] does not, under any theory of rescission or reviver, operate to breathe new life into the dead and extinguised obligation.'" *Alexander v. Angel*, 37 Cal. 2d 856, 862 (1951) (citation omitted). Moreover, the evidence in support of novation must be "clear and convincing." *Id*. at 860.

Under California law, the party attempting to prove novation must satisfy "four essential requisites: (1) [a] previous valid obligation; (2) [t]he agreement of all the parties to the new contract; (3) [t]he extinguishment of the old contract; and (4) [t]he validity of the new one." *Young v. Benton*, 21 Cal. App. 382, 384 (1913). As Plaintiff does not dispute that there is a previous valid obligation, (Doc. No. 25 ¶ 18), the Court will begin its analysis with the agreement of all the parties to the new contract.

*a. Whether Plaintiff and Defendant Agreed to a New Contract*

Determinative in the Court's analysis is whether Plaintiff sufficiently pleads facts to establish that both he and Defendant agreed to create a new agreement. Defendant contends that Plaintiff's own legal theory that he was misled into accepting one of the settlement offers precludes a finding of mutual assent. (Doc. No. 26-1 at 10.) Accordingly, no novation could have been created. (*Id.*) Plaintiff retorts and asserts that Defendant's argument is meritless because mutual assent is created as soon as Plaintiff accepts any of the three settlement offers. (Doc. No. 28 at 16.)

Unfortunately for Plaintiff, his FAC still suffers from the same fatal error present in his initial complaint. Here, the Court again finds that Plaintiff's allegation that he was

5

3:16-CV-00692-AJB-JMA

unaware of the legal consequences of accepting one of the settlement offers and that he was misled into accepting one of the settlement offers directly conflicts with the understanding of mutual assent. *See Duncanson- Harrelson Co. v. Travelers Indem. Co.*, 209 Cal. App. 2d 62, 69 (1962) ("An essential element of a novation is the agreement of all parties to the new contract."); *see also Klepper v. Hoover*, 21 Cal. App. 3d 460, 463 (1971) ("A novation is subject to the general rules of governing contracts . . . and requires an intent to discharge the old contract, a mutual assent, and a consideration.").

For instance, Plaintiff does not plead facts to argue that Defendant agreed in writing, verbally, or through its actions that it assented to creating a new agreement with Plaintiff with a new statute of limitations. *See Binder v. Aetna Life Ins. Co.*, 75 Cal. App. 4th 832, 850 (1999) ("Mutual assent may be manifested by written or spoken words, or by conduct."). Moreover, Plaintiff's FAC alleges that Plaintiff understood the Offer Letter in a different manner than Defendant. For example, taking Plaintiff's allegations as true, Plaintiff argues that as a consumer he did not know that a new agreement would be created by his acceptance of one of the settlement offers. (Doc. No. 25 ¶ 25, 31.) On the other hand, Plaintiff contends that Defendant was aware that a novation would occur, thus it intended to mislead Plaintiff into accepting one of the offers. (*Id.* ¶ 53-54.) However, the Court notes that the absence of any common ground of understanding between Plaintiff and Defendant contradicts the very meaning of mutual assent. *See Tucker v. Oregon Aero, Inc.*, 474 F. Supp. 2d 1192, 1200 (D. Or. 2007) ("There is no manifestation of mutual assent to an exchange if the parties attach materially different meanings to their manifestations and [] neither party knows or has reason to know the meaning attached by the other . . ."). Furthermore, if Plaintiff was allegedly deceived into forming a new contract, then both parties would be unable to ascertain whether there was a meeting of the minds or an agreement as to the terms of the novation. *See Metropolitan Transp. Comm'n v. Motorola, Inc.*, 342 F. App'x 269, 271 (9th Cir. 2009) (finding that Motorola did not allege that the proposed new party had agreed to be bound by the new contract thus the novation claim was properly dismissed).

1 | Accordingly, upon review of the allegations in the FAC, and the Offer Letter, the Court finds that Plaintiff has failed to allege that both Defendant and Plaintiff had a mutual understanding that acceptance of any one of the three settlement offers would create a new contract that encompassed a new statute of limitations.[2] *See Columbia Cas. Co. v. Lewis*, 14 Cal. App. 2d 71, 72 (1936) (finding no novation because the agreement of all parties to the contract was not present, the evidence failed to disclose any mutual agreement between the parties to extinguish the old contract, and there was an absence of proof to sustain the contention that a new and valid contract was made).

        b. *Whether Plaintiff and Defendant Intended To Extinguish the Original Obligation*

In deciding whether an agreement was meant to extinguish the old obligation and to substitute a new one, California courts seek to determine the parties' intent. *See N. Counties Bank v. Earl Himovitz & Sons Livestock Co.*, 216 Cal. App. 2d 849, 859 (1963) ("Existence of a novation turns on the parties' intention to discharge the old contract and substitute a new one."); *see also Transport Clearings-Bay Area v. Simmonds*, 226 Cal. App. 2d 405, 430 (1964) ("The 'question whether a novation has taken place is always one of intention' [citation], with the controlling factor being the intent of the obligee to effect a release of the original obligor on his obligation under the original agreement.").

The Court highlights that a California court in *Wells Fargo Bank N.A. v. Bank of Am. NT & SA*, 32 Cal. App. 4th 424, 432 (1995) held that a novation occurred where the defendant purchased a lease from a third party. Specifically, the court found the requisite intent on the part of the plaintiffs to extinguish the obligations of the third party based on

---

[2]In his Opposition, Plaintiff asserts that his ignorance of the legal consequences of accepting one of the offers does not change the fact that Plaintiff assented to a new agreement. (Doc. No. 25 at 7.) Plaintiff then uses the example of how a consumer is bound to an arbitration agreement through use of his or her credit card, even though the consumer may not be aware that the arbitration agreement is a part of his or her credit card agreement. However, this example is inapposite to the matter at hand. Unlike the consumer to a credit card agreement where the arbitration clause is spelled out in a document; in the instant matter, the novation Plaintiff alleges occurs is neither written down on the Offer Letter, nor contained in a document attached to the Offer Letter.

the terms of the original lease, which stated that the lessee "shall be relieved of all liability accruing under this lease from and after the date of any assignment." *Id*.

Here, Plaintiff simply argues that "Defendant intended to extinguish the original balance . . . if Plaintiff [] accepted any one of those offers." (Doc. No. 25 ¶ 28.) Plaintiff then states that "discovery is needed to show that Defendant intended to release Plaintiff of the original obligation." (*Id.* ¶ 30.) First, the Court notes that at this stage of litigation, Plaintiff need not request discovery to successfully state a claim; Plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. As currently pled, the Court finds Plaintiff's lone and conclusory allegation in support of his argument fails to allege facts to withstand a motion to dismiss. *See Howard v. Cnty of Amador*, 220 Cal. App. 3d 962, 977 (1990) ("Essential to a novation is that it 'clearly appear' that the parties intended to extinguish rather than merely modify the original agreement.") (citation omitted).

Moreover, unlike the Court in *Wells Fargo Bank*, the portions of the Offer Letter pled in the FAC also fail to argue the requisite intent on the part of Defendant to lapse Plaintiff's original debt in favor of one of the three settlement offers. Instead the FAC demonstrates that the letter used phrases such as "settle your account," "take advantage of this offer," and "clear this account in full." (Doc. No. 25 ¶ 22.) Accordingly, the Court concludes that Plaintiff's FAC is devoid of any facts alleging that Plaintiff and Defendant intended to extinguish the previous debt. *See Transp. Clearings-Bay Area*, 226 Cal. App. 2d at 430–31 (striking the defense of novation as there was no evidence that there was any discussion between the parties that the new debt was to be substituted for the old).

Consequently, the Court finds that Plaintiff has not clearly nor adequately pled the elements of a novation.

> ii. <u>Whether a New Obligation was Created Pursuant to California Code of Civil Procedure Section 360</u>

Plaintiff contends that the acceptance of any of the three settlement offers in the Offer Letter would create a new obligation with a new statute of limitations pursuant to

California Code of Civil Procedure section 360. (Doc. No. 25 ¶ 34.) Section 360 states:

> No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby . . . .

Cal. Civ. Proc. Code § 360. Accordingly, to successfully plead novation under Section 360 Plaintiff must plead two requirements: (1) acknowledgment of the debt must be in writing; and (2) the writing must be signed. *Id.*

Here, Plaintiff simply concludes that the new agreement would be created pursuant to Section 360 if he "accepts any of the three settlement offers in writing."[3] (Doc. No. 25 ¶ 34.) The Court finds this contention to be conclusory and unsupported. More importantly for purposes of this motion, Plaintiff's failure to plead facts to allege that he signed the writing, whether the Offer Letter required a signature, or whether or not checking a box constitutes a signature is fatal to his claim. Consequently, the Court finds Plaintiff's claims under Section 360 to be insufficiently pled.

### iii. Defendant's Offer Letter to Plaintiff Did Not violate the FDCPA

Finding the alleged facts supporting the creation of a novation insufficient, the Court will now address whether the face of the Offer Letter violates the FDCPA. To determine whether a debt collection practice is false, deceptive, or misleading, that practice must be viewed objectively from the perspective of the "least sophisticated debtor." *See Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1061 (9th Cir. 2011). The least sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson v. S. Oregon Credit Serv. Inc.*, 869 F.2d

---

[3] In his Opposition, Plaintiff again argues that discovery is needed to determine Defendant's practices and procedures to determine how the Offer Letter is in writing and signed. (Doc. No. 28 at 24.) Again, Plaintiff misses the mark. The Court cannot deny Defendant's motion to dismiss based on Plaintiff's claims that it needs discovery to sufficiently allege his claims. At this stage, Plaintiff needs to only plead a legally cognizable claim or plead enough facts to state a claim for relief. Plaintiff has failed to do so. Moreover, it is not the Court's burden to supply additional factual allegations to round out a plaintiff's complaint. *See Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

1222, 1227 (9th Cir. 1988).

Under this objective lens, the Court finds that the face of the Offer Letter does not misrepresent the character or amount of Plaintiff's debt. Nor does the Offer Letter show that Defendant used any deceptive means to collect the debt. For example, the Court highlights that the Offer Letter identifies the payment opportunity plans as "settlement options" and "plans." (Doc. No. 25 ¶ 23.) Then on the reverse page, the Offer Letter clearly states "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency." (*Id.* ¶ 24.) Moreover, the Offer Letter also states that if Plaintiff would be willing to settle his account for "15% that the settlement amount would be $1,451.88 to *clear this account in full.*" (*Id.* ¶ 22.) (emphasis added). Accordingly, the Court finds that Plaintiff has not pled facts to sufficiently allege that Defendant used any false or misleading representation to collect Plaintiff's debt.[4]

Based on the foregoing, Plaintiff has failed to allege a novation. Consequently, the rest of Plaintiff's contentions regarding Defendant's alleged violations of the FDCPA are without merit. Furthermore, as any violation of the Rosenthal Act is a violation of the FDCPA, Plaintiff's claims under this cause of action are insufficiently supported as well. *See Alborzian v. JPMorgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 36 (2015) (holding that "[t]he Rosenthal Act, among other things, explicitly incorporates the FDCPA's standards"). Accordingly, Plaintiff's FDCPA and Rosenthal Act causes of action are **DISMISSED WITHOUT PREJUDICE**.[5]

---

[4] On April 3, 2017, Plaintiff filed a notice of recent decision in opposition to Defendant's motion to dismiss. (Doc. No. 31.) The Court has independently reviewed the Seventh Circuit Court of Appeals decision, *Pantoja v. Portfolio Recovery Assocs., LLC*, No. 15-1567, 2017 WL 1160902, at *1 (7th Cir. Mar. 29, 2017) and finds it is distinguishable from the present matter. First, the underlying debt was governed by Illinois law. *Id.* at *4. Second, the court noted that the defendant omitted portions of the language regarding the statute of limitations. *Id.* at *5. Accordingly, the court felt this would leave a reader to wonder about the motive of the defendant. *Id.*

[5] As the Court has dismissed Plaintiff's claims based on Plaintiff's failure to plead facts to support a claim of novation under Section 360, the Court will not delve into the rest of both parties' arguments.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff has **fourteen (14) days** to submit a second amended complaint correcting the deficiencies noted herein. Failure to do so will result in the Court's dismissing this case without leave and closing the file.

**IT IS SO ORDERED.**

Dated: April 20, 2017

Hon. Anthony J. Battaglia
United States District Judge